# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TUSHAR S. PARIKH, | ) | Case No. 11-47619 |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |
| | ) | |
| ------------------------------------------------------ | ) | |
| AMERICAN CHARTERED BANK, | ) | |
| | ) | Adv. Proc. No. 12-00844 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TUSHAR S. PARIKH, | ) | Hearing Date: January 24, 2014 at 10:00 a.m. |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **January 24, 2014 at 10:00 a.m**., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Donald R. Cassling in the courtroom usually occupied by him, Courtroom No. 4016, in the DuPage County Courthouse, 505 N. County Farm Road, Wheaton, IL, or before any judge who may be sitting in his place or stead, and shall then and there present the **Second Motion to Strike Defendant's Answer and Enter Judgment by Default**, a copy of which is attached hereto and hereby served upon you.

Dated: January 17, 2014

                                                **AMERICAN CHARTERED BANK**

                                            By:  /s/ *David L. Kane*
                                                    One of Its Attorneys

David L. Kane (ARDC No. 6277758)
Jason M. Metnick (ARDC No. 6280619)
Jordan M. Litwin (ARDC No. 6287792)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900
(312) 987-9854 (fax)

## **CERTIFICATE OF SERVICE**

    I, David L. Kane, an attorney, certify that on January 17, 2014, I caused copies of the attached **Notice of Motion** and **Second Motion to Strike Defendant's Answer and Enter Judgment by Default** to be served via electronic notice on the parties noted in the Court's CM/ECF system and via First Class U.S. Mail, postage prepaid, upon the parties so noted below.

(i) <u>via electronic notice on the parties appearing on the Court's CM/ECF notice list</u>:

- David L Kane    dkane@mpslaw.com; dnichols@mpslaw.com; mpslawllc@gmail.com; jlitwin@mpslaw.com

- Jason Metnick    jmetnick@mpslaw.com; dnichols@mpslaw.com; mpslawllc@gmail.com; lhorak@mpslaw.com

- Monica J Paine    mpaine@mpslaw.com; lhorak@mpslaw.com


(ii) <u>via First Class U.S. Mail, postage prepaid</u>:

Tushar S. Parikh
340 Brentwood Place
Downers Grove, IL 60515


                                                                /s/ *David L. Kane*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TUSHAR S. PARIKH, | ) | Case No. 11-47619 |
| | ) | |
| Debtor. | ) | Honorable Donald R. Cassling |
| | ) | |
| ------------------------------------------------------- | ) | |
| AMERICAN CHARTERED BANK, | ) | |
| | ) | Adv. Proc. No. 12-00844 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TUSHAR S. PARIKH, | ) | Hearing Date: January 24, 2014 at 10:00 a.m. |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SECOND MOTION TO STRIKE**
**DEFENDANT'S ANSWER AND ENTER JUDGMENT BY DEFAULT**

American Chartered Bank ("Plaintiff"), by and through its undersigned counsel, hereby moves (the "Second Motion for Default") this Court for the entry of an Order, pursuant to Rule 7037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), striking the Answer to First Amended Complaint (the "Answer") [Dkt. No. 22; 12-00844] filed by Tushar S. Parisk ("Defendant") in the above-captioned case and entering judgment by default in favor of Plaintiff on the non-dischargeability of Defendant's debts to Plaintiff. In support of its Second Motion for Default, Plaintiff states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein in are Bankruptcy Rule 7037 and Rule 37 of the Federal Rules of Civil Procedure.

## BACKGROUND

3. On January 3, 2014, Plaintiff filed a *Motion to Strike the Answer and Enter Judgment by Default* (the "First Motion for Default") [Dkt. No. 88; 12-00844], a true and correct copy of which is attached hereto as **Exhibit A**. As set forth in more detail in the First Motion for Default, Defendant has consistently evaded providing his deposition in this proceeding, including in one instance after being ordered to appear by this Court.

4. At a hearing held on the First Motion for Default on January 10, 2014, at which time Defendant was present, the Court indicated that it would continue the First Motion for Default to February 7, 2014 to allow Defendant one final opportunity to provide his deposition prior to that date. Defendant agreed that he would comply with the scheduling of his deposition to take place no later than February 6, 2014.[1]

5. Following the January 10th hearing, counsel for the Plaintiff made numerous attempts to reach Defendant by telephone to schedule his deposition as agreed, but with no success. Detail of Plaintiff's efforts to schedule Defendant's deposition is set forth in the letter of even date herewith sent by counsel for the Plaintiff to Defendant, and attached hereto as **Exhibit B**.

6. On January 16, 2014, Defendant sent an email to counsel for the Plaintiff, a true and accurate copy of which is attached hereto as **Exhibit C**, stating that Defendant's first available date for a deposition would be February 14, 2014, *after* the deadline previously established by the Court. Importantly, Defendant goes on to say in the email that "At this time I

---

[1] A copy of the transcript of the hearing held on January 10, 2014 will be filed as a supplement to this Second Motion for Default as soon as it is available.

{05665: 485: 01289344.DOC :2 } 2

don't [sic] have any fund to retain a legal counselor, therefor [sic], <u>I am going to decline giving my deposition</u> without a legal representation."[2] (emphasis added).  By Defendant's own admission, in clear violation of the Court's direction, he has no intention of giving his deposition at any point in the foreseeable future, and certainly not before Plaintiff must prepare for the scheduled trial in this matter.  That is, Defendant has elected to decline to sit for a deposition without counsel, but has no funds or intention of retaining counsel.  Therefore, Defendant has refused to be deposed in this matter.

## REQUESTED RELIEF

7. By this Motion, Plaintiff seeks entry of an order, pursuant to Bankruptcy Rule 7037, striking Defendant's Answer and entering judgment by default in favor of Plaintiff on the non-dischargeability of Defendant's debts to Plaintiff.

## ARGUMENT

8. A court may render a judgment by default as a sanction against a party who fails to obey an order to provide discovery, fails to comply with a discovery order or fails to appear for deposition. Fed. R. Civ. P. 37(b)(2)(C) & 37(d), made applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7037.  Failure to provide discovery or to comply with a court order to do so may also be viewed as a failure to defend, which justifies an entry of a default judgment under Fed. R. Civ. P. 55(b)(2), made applicable to adversary proceedings pursuant to Bankruptcy Rule 7055. *See, e.g., V.B. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992) (default judgment against defendants for refusal to provide discovery); *U.S. v. De Frantz*, 708 F.2d 310, 312 (7th Cir. 1983) (default judgment for failure to appear for deposition with dubious excuse); *Jordan Intern. Co. of Del. v. M.V. Cyclades*, 782 F. Supp. 25, 27 (S.D.N.Y. 1992) (default judgment

---

[2] Defendant also made an offer of settlement in the January 16th email.  The portions of the email related to settlement have been redacted.

against defendant for failure to comply with discovery order); *U.S. v. Dimucci*, 110 F.R.D. 263, 267 (N.D. Ill. 1986) (default judgment against defendants who failed to appear for deposition).

9. A court has the inherent power to resolve through appropriate sanctions a case that cannot otherwise be disposed of expeditiously because of the willful inaction or dilatoriousness of a party. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 34 (1991); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962). Further, a persistent failure to honor discovery obligations and court discovery orders must be viewed as "a willful effort to evade and frustrate discovery." *Morton v. Harris*, 628 F.2d 438, 440 (5th Cir. 1980); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

10. The inability during the allotted discovery period to obtain information from a party defendant regarding pertinent issues is unquestionably prejudicial to a plaintiff in its attempt to prosecute its claims and obtain a prompt resolution of its lawsuit. *See Adams v. Trustees, N.J. Brewery Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (prejudice encompasses deprivation of information from non-cooperation with discovery as well as the need to expend resources to compel discovery).

11. In the present case, Defendant's failure to appear for his deposition on multiple occasions has prejudiced Plaintiff's ability to resolve its claims and secure relief. Plaintiff cannot be expected to proceed in the trial of this matter without being afforded an opportunity to participate in fair and honest discovery, most specifically Defendant's cooperation in the taking of his deposition. Further, Defendant cannot be permitted to benefit from his refusal to participate in the discovery process and his willful violations of orders of this Court.

12. This Court provided Defendant with one final opportunity to make himself available for a deposition before the continued hearing on the First Motion for Default scheduled

for February 7, 2014. Defendant has now made it abundantly clear that he has no intention to sit for a deposition or comply with this Court's direction. *See* **Exhibit C**.

13. Plaintiff is severely prejudiced by any further delay in the granting of default judgment due to the upcoming trial date in this matter, the requirements to provide pretrial materials in advance, and the proximity of those dates and deadlines to the February 7th hearing. Even were the Defendant to actually sit for his deposition, which he will not, Plaintiff will not have ample time to prepare for the trial in this matter given Defendant's pattern of delay.[3]

14. The Court cannot continue to condone Defendant's track record of skipping depositions and violating Court orders. Indeed, Defendant has failed to take any of the many extensions and opportunities afforded to him by the Court, and he continues to flaunt his noncompliance without remorse. This cannot be allowed to continue without consequence. Consequently, Plaintiff requests that the Court grant this Second Motion for Default, strike Defendant's Answer and enter default judgment in favor of Plaintiff without further delay.

[*Remainder of page intentionally left blank*]

---

[3] If the Court opts to deny or continue this Second Motion for Default, which it absolutely should not, the Court at a minimum must reschedule the trial (and related deadlines for pretrial statements, exhibits, etc.) in this matter so that Plaintiff is not unfairly prejudiced by Defendant's noncompliance.

{05665: 485: 01289344.DOC :2 }                              5

WHEREFORE, American Chartered Bank requests that this Court (i) strike Defendant's Answer; (ii) enter judgment by default in favor of Plaintiff on the non-dischargeability of Defendant's debts to Plaintiff; (iii) strike the hearing scheduled for February 7, 2014; (iv) strike the trial date set in this matter; and (v) grant such other and further relief as this Court deems just.

Dated: January 17, 2014                    Respectfully submitted,

**AMERICAN CHARTERED BANK**

By: /s/ *David L. Kane*
       One of Its Attorneys

David L. Kane (ARDC No. 6277758)
Jason M. Metnick (ARDC No. 6280619)
Jordan M. Litwin (ARDC No. 6287792)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(312) 987-9900
(312) 987-9854 (fax)