# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TUSHAR S. PARIKH, | ) | Case No. 11-47619 |
| | ) | Honorable Donald R. Cassling |
| Debtor. | ) | |
| | ) | |
| ------------------------------------------------------ | ) | |
| | ) | |
| AMERICAN CHARTERED BANK, | ) | |
| | ) | Adv. Proc. No. 12-00844 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TUSHAR S. PARIKH, | ) | Hearing Date: January 10, 2014 at 10:00 a.m. |
| | ) | |
| Defendant. | ) | |
| | ) | |

### NOTICE OF MOTION

PLEASE TAKE NOTICE that on **January 10, 2014 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Donald R. Cassling in the courtroom usually occupied by him, Courtroom No. 4016, in the DuPage County Courthouse, 505 N. County Farm Road, Wheaton, IL, or before any judge who may be sitting in his place or stead, and shall then and there present the **Motion to the Strike Answer and Enter Judgment by Default**, a copy of which is attached hereto and hereby served upon you.

Dated: January 3, 2014

**AMERICAN CHARTERED BANK**

By:  /s/ Jordan M. Litwin_____
One of Its Attorneys

Jason M. Metnick (ARDC No. 6280619)
Jordan M. Litwin (ARDC No. 6287792)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(p) 312-987-9900 / (f) 312-987-9854

{05665: 485: 01278937.DOC : }

## CERTIFICATE OF SERVICE.

I, Jordan M. Litwin, an attorney, certify that on January 3, 2014, I caused copies of the attached **Notice of Motion** and **Motion to the Strike Answer and Enter Judgment by Default** to be served

via electronic notice on the parties noted in the Court's CM/ECF system, as follows:

- David L Kane    dkane@mpslaw.com; dnichols@mpslaw.com; mpslawllc@gmail.com; jlitwin@mpslaw.com

- Jason Metnick    jmetnick@mpslaw.com; dnichols@mpslaw.com; mpslawllc@gmail.com; lhorak@mpslaw.com

- Monica J Paine    mpaine@mpslaw.com; lhorak@mpslaw.com

and via regular mail as follows:

- Tushar S. Parikh
  340 Brentwood Place
  Downers Grove, IL 60515

_____ /s/ Jordan M. Litwin _____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TUSHAR S. PARIKH, | ) | Case No. 11-47619 |
| | ) | Honorable Donald R. Cassling |
| Debtor. | ) | |
| | ) | |
| ------------------------------------------------------- | ) | |
| AMERICAN CHARTERED BANK, | ) | |
| | ) | Adv. Proc. No. 12-00844 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TUSHAR S. PARIKH, | ) | Hearing Date: January 10, 2014 at 10:00 a.m. |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MOTION TO STRIKE THE ANSWER AND ENTER JUDGMENT BY DEFAULT

American Chartered Bank ("Plaintiff"), by and through its undersigned counsel, hereby moves (the "Motion") this Court for the entry of an Order, pursuant to Rule 7037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), striking the Answer to First Amended Complaint (the "Answer") [Dkt. No. 22; 12-00844] filed by Tushar S. Parisk ("Defendant") in the above-captioned case and entering judgment on liability by default in favor of Plaintiff. In support of its Motion, Plaintiff states as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein in are Bankruptcy Rule

7037 and Rule 37 of the Federal Rules of Civil Procedure.

## BACKGROUND

3.    On November 23, 2011 (the "Petition Date"), Defendant filed a voluntary petition

for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") [Dkt.

No. 1; 11-47619].

4.    On May 18, 2012, Plaintiff filed a complaint against Defendant, initiating the

above-captioned adversary proceeding [Dkt. No. 1; 12-00844], and filed an amended complaint

(the "Amended Complaint") on September 7, 2012 [Dkt. No. 17; 12-00844].

5.    The Amended Complaint asserts an objection to dischargeability of Defendant's

debts to Plaintiff (totaling in excess of $1 million) pursuant to section 523(a)(2) of the

Bankruptcy Code, based upon, among other allegations, materially false representations made by

Defendant in his schedules and statement of financial affairs filed in Case No. 11-47619 with the

intent to deceive Plaintiff and this Court.

6.    On November 2, 2012, the Court entered an order setting January 31, 2013 as the

discovery cutoff date in this adversary proceeding [Dkt. No. 24; 12-00844].   The Court

subsequently extended this date ultimately to October 31, 2013 [Dkt. No. 51; 12-00844].

7.    On numerous occasions, Plaintiff scheduled Defendant's deposition and, in every

instance, Defendant's then-counsel canceled the deposition the day or couple of days beforehand.

8.    Consequently, after numerous unsuccessful attempts to take Defendant's

deposition, Plaintiff filed a motion to compel Defendant's deposition (the "Motion to Compel")

on September 30, 2013 [Dkt. No. 52; 12-00844].

9.    The Court granted the Motion to Compel on October 4, 2013 [Dkt. No. 53; 12-

00844], compelling Defendant to appear for his deposition on October 23, 2013 at 9:30 a.m.

10.    On the evening of October 22, 2013, then-counsel for Defendant contacted counsel for Plaintiff and stated that Defendant would not appear for his court-ordered deposition scheduled for October 23, 2013.

11.    Also on October 22, 2013, then-counsel for Defendant cancelled the depositions of Brian Hannon and Joseph Chiariello, both scheduled for October 24, 2013.

12.    On November 8, 2013, the Court granted Defendant's counsel's, Richard Hirsh's, motion to withdraw as counsel for Defendant [Dkt. No. 78; 12-00844]. No subsequent counsel for Defendant has filed an appearance in this adversary proceeding or contacted counsel for Plaintiff to state that Defendant has engaged new counsel, and/or that Defendant would give his court-ordered deposition.

## REQUESTED RELIEF

13.    By this Motion, Plaintiff seeks entry of an order, pursuant to Bankruptcy Rule 7037, striking Defendant's Answer and entering judgment on liability by default in favor of Plaintiff.

## ARGUMENT

14.    A court may render a judgment by default as a sanction against a party who fails to obey an order to provide discovery, fails to comply with a discovery order or fails to appear for deposition. *See* Fed. R. Civ. P. 37(b)(2)(C) & 37(d), made applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7037. A failure to provide discovery or to comply with a court order to do so may also fairly be viewed as a failure to defend, which justifies an entry of a default judgment under Fed. R. Civ. P. 55(b)(2), made applicable to adversary proceedings pursuant to Bankruptcy Rule 7055. *See V.B. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992) (default judgment against defendants for refusal to provide discovery); *U.S. v. De*

*Frantz*, 708 F.2d 310, 312 (7th Cir. 1983) (default judgment for failure to appear for deposition with dubious excuse); *Jordan Intern. Co. of Del. v. M.V. Cyclades*, 782 F. Supp. 25, 27 (S.D.N.Y. 1992) (default judgment against defendant for failure to comply with discovery order); *U.S. v. Dimucci*, 110 F.R.D. 263, 267 (N.D. Ill. 1986) (default judgment against defendants who failed to appear for deposition).

15.     A court also has the inherent power to resolve through appropriate sanctions a case that cannot otherwise be disposed of expeditiously because of the willful inaction or dilatory actions of a party. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 34 (1991); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962). Further, a persistent failure to honor discovery obligations and court discovery orders must be viewed as "a willful effort to evade and frustrate discovery." *Morton v. Harris*, 628 F.2d 438, 440 (5th Cir. 1980). *See also Reed v. Fulton Cnty. Gov't*, 170 F. App'x 674, 676 (11th Cir. 2006) (failure by plaintiff to appear numerous times for a scheduled deposition and disregarding a court's order requiring appearance for a deposition justifies dismissal of action); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (dismissal is warranted where a *pro se* litigant engages in a clear pattern of delay).

16.     The inability during the allotted discovery period to obtain information from a party defendant regarding pertinent issues is unquestionably prejudicial to a plaintiff in its attempt to prosecute its claims and obtain a prompt resolution of its lawsuit. *See Adams v. Trustees, N.J. Brewery Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (prejudice encompasses deprivation of information from non-cooperation with discovery as well as the need to expend resources to compel discovery). *See also Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (finding that prejudice to movant is a key factor in determining appropriate sanctions for discovery misconduct); *Citizens for Appropriate Rural Roads, Inc. v. LaHood*, 1:11-CV-01031-SEB, 2013

WL 5775070 (S.D. Ind. Oct. 25, 2013) (dismissal warranted where repeated failure to abide by deadlines shows an indifferent, disrespectful, and insolent attitude to court orders and the Rules of Civil Procedure) *citing Allen v. Interstate Brands Corp.,* 186 F.R.D. 512, 515 (S.D. Ind. 1999).

17.    In the present circumstances, Defendant's failure to appear for his deposition has clearly prejudiced Plaintiff in its ability to resolve its claims and secure relief. Plaintiff cannot be expected to proceed in the trial of this matter without being afforded an opportunity to participate in fair and honest discovery, more specifically, Defendant's cooperation in the taking of his deposition. Further, Plaintiff certainly cannot be permitted to benefit from his refusal to participate in the discovery process and his willful violations of orders of this Court.

18.    Plaintiff is not complaining about an isolated breach. Defendant has been totally recalcitrant in honoring his discovery obligations, delaying discovery whenever possible and cancelling his deposition at the last moment three times, including after being ordered by this Court to appear for deposition on a specific date and time. Each time Plaintiff took pains to schedule Defendant's deposition at a convenient time and location and each time Defendant provided no reasonable explanation for his failure to appear.

19.    Additionally, the Court granted Defendant's prior counsel's withdrawal on October 8, 2013. In the nearly three months thereafter, Defendant has not hired new counsel, suggesting that he either lacks the means or the intent to properly defend this action.

20.    Any proportionate monetary sanction for Defendant's behavior would be unlikely to achieve compliance. A default judgment is the only practical sanction and meaningful relief in the circumstances presented. Plaintiff is prejudiced by being deprived of its right to conduct discovery and conclude this matter within a reasonable period of time. In the meantime, Plaintiff

has no assurances that it is not being further prejudiced by the potential removal or dissipation of assets by Defendant. A court cannot allow a defendant to obstruct the orderly conduct of litigation and effectively avoid any prospective liability.

21.     Defendant's repeated violations of the Bankruptcy Rules, the Federal Rules of Civil Procedure, and this Court's order compelling Defendant to appear for his deposition represents persistent and flagrant violations by Defendant. Such flagrant violations have resulted in significant delays and the substantial diversion of resources by Plaintiff and its counsel without any reasonable justification. Without the ability to properly litigate this matter, Plaintiff is entitled to entry of a default judgment against Defendant at this time.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, American Chartered Bank requests that this Court (i) strike Defendant's

Answer; (ii) enter judgment on liability by default in favor of Plaintiff; and (iii) grant such other

and further relief as this Court deems just.

Dated: January 3, 2014                              Respectfully submitted,

                                                    **AMERICAN CHARTERED BANK**

                                                    By:  /s/ Jordan M. Litwin
                                                              One of Its Attorneys

Jason M. Metnick (ARDC No. 6280619)
Jordan M. Litwin (ARDC No. 6287792)
MELTZER, PURTILL & STELLE LLC
300 South Wacker Drive, Suite 3500
Chicago, Illinois 60606
(p) 312-987-9900 / (f) 312-987-9854

# EXHIBIT B

MELTZER, PURTILL & STELLE LLC

ATTORNEYS AT LAW

MPS LAW

SCHAUMBURG • CHICAGO

1515 EAST WOODFIELD ROAD
SECOND FLOOR
SCHAUMBURG, ILLINOIS 60173-5431

TELEPHONE (847) 330-2400
FACSIMILE (847) 330-1231

File Number:     05665-485
Direct Dial:     (312) 461-4325
E-mail:          dkane@mpslaw.com

300 SOUTH WACKER DRIVE
SUITE 3500
CHICAGO, ILLINOIS 60606-6704

TELEPHONE (312) 987-9900
FACSIMILE (312) 987-9854

www.mpslaw.com

January 17, 2014

***Via U.S. Mail and E-Mail (tsttushar@gmail.com)***

Mr. Tushar S. Parikh
340 Brentwood Place
Downers Grove, IL 60515

     Re:   ***American Chartered Bank v. Tushar S. Parikh***, Adv. Proc. No. **12-00844**

Dear Mr. Parikh:

As you know, this firm represents American Chartered Bank ("ACB") in the above-captioned adversary proceeding pending before the United States Bankruptcy Court for the Northern District of Illinois (the "Proceeding").

At a hearing on the Proceeding held on January 10, 2014, at which you were present, ACB presented its *Motion to Strike Answer and Enter Judgment by Default* (the "Motion for Default").  At the hearing, you agreed to make yourself available for a deposition before February 6, 2014, and Judge Cassling accordingly continued the hearing on the Motion for Default until February 7, 2014.

Immediately after the January 10th hearing, you informed my colleague, Jordan Litwin, that you planned to be out of town from January 15th through January 27th and that Mr. Litwin should contact you later that day, when you would have your calendar, to schedule a time for your deposition when you would be in town.  Mr. Litwin then contacted you numerous times at the phone number you provided later that day on January 10th, and again numerous times on January 13th, 14th, 15th and 16th but was unable to reach you. While you did return Mr. Litwin's telephone calls on several occasions, the voicemails were did leave at Mr. Litwin's work number were during non-business hours (on the weekend, late at night, etc.).

You and Mr. Litwin finally spoke the afternoon of January 16th and you informed Mr. Litwin that in addition to being out of town January 15th through 27th, you also planned to be out of town on January 29th through February 9th.  Mr. Litwin inquired as to whether you would make yourself available on January 28th, the only day you planned to be in town before the

Mr. Tushar S. Parikh
January 17, 2014
*Page 2 of 2*

MPS LAW

continued hearing, and you informed Mr. Litwin that you would respond later that afternoon by email or telephone to indicate when you would be available for your deposition. Later that afternoon, you sent Mr. Litwin an email indicating that you had elected not to appear for your deposition before the continued hearing date.

As Mr. Litwin told you multiple times by telephone, your refusal to make yourself available for a deposition prior to the continued hearing on February 7, 2014 – as specifically directed by the Bankruptcy Court – necessitates ACB to renew its request for the Bankruptcy Court to enter default judgment against you in the Proceeding.

Very truly yours,

MELTZER, PURTILL & STELLE LLC

David L. Kane

# EXHIBIT C

**From:** tushar parikh [mailto:tsttushar@gmail.com]
**Sent:** Thursday, January 16, 2014 4:27 PM
**To:** Jordan Litwin
**Subject:** Fwd: confidential

Hello Mr. Jordan Litwin,

Following is what I am planning to address:

My first open date is 14th February.

I am trying to find work so I can raise money to fund this litigation. At this time I dont have any fund to retain a legal counselor, therefor, I am going to decline giving my deposition without a legal representation.



Best Regards,

 Tushar Parikh
tsttushar@gmail.com
312 953-1921 mobile